IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRACY L. GRESSLER,

          Plaintiff,

v.

NORTHBRIDGE GENERAL INSURANCE CORPORATION,
1541335 ONTARIO INC.
D/B/A ROAD LINK XPRESS,
HARPAL SINGH MANN,
SAFECO INSURANCE COMPANY OF ILLINOIS,
COMMON GROUND HEALTHCARE COOPERATIVE,
ABC INSURANCE COMPANY, and
DEF INSURANCE COMPANY,

          Defendants.

Case No.: _____

Removed from the Circuit Court of
Winnebago County, Case No.
2025CV0001233

---

## DEFENDANTS' NOTICE OF REMOVAL

---

PLEASE TAKE NOTICE THAT Defendants, 1541335 Ontario Inc. d/b/a Road Link Xpress, Harpal Singh Mann and Northbridge General Insurance Corporation, by and through their attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, timely file this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. §1441(a), (b) and (c), removing the above-captioned action to the United States District Court for the Eastern District of Wisconsin from the Circuit Court, Winnebago County, Wisconsin, and avers as follows:

**I.     Removal is Timely.**

1.     Plaintiff filed this action in state court under Case No. 2025CV001233, on December 26, 2025. Plaintiff served his Summons and Complaint on one or more Defendants on March 20, 2026. A true and correct copy of the Summons and Complaint, and all process, pleadings, and orders in the state court action are attached as Exhibit "A," as required by 28 U.S.C.

§ 1446(a). Defendants are filing this Notice of Removal within 30 days of receipt of the Complaint, making removal timely. See 28 U.S.C. § 1446(b)(2)(B).

**II.      Nature of Plaintiff's Complaint.**

2.      This case arose from a motor vehicle accident that occurred on December 28, 2022, in the City of Neenah, Winnebago County, Wisconsin. Plaintiff alleges that defendant, Harpal Sing Mann, was traveling northbound on Commercial Street when he failed to stop at a red light and struck Plaintiff's vehicle, which was traveling eastbound on Wisconsin Avenue. (See Compl. ¶¶ 9 - 11). Plaintiff asserts negligence claims against defendants for failure to obey the traffic control device and failure to maintain control of his vehicle.

**III.     Removal is Proper Because There is Complete Diversity of Citizenship Between Plaintiff and Defendant and the Amount in Controversy Exceeds $75,000.**

3.      Pursuant to 28 U.S.C. § 1332, subject matter jurisdiction exists because Plaintiffs and Defendants are completely diverse and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a)(1).

**A.      Complete Diversity Exists Between the Parties.**

4.      Plaintiff is a resident of Wisconsin and, hence, a citizen of Wisconsin for the purposes of determining diversity. (Compl. ¶ I; 28 U.S.C. § 1332.) Tracy L. Gressler was at the time of filing the Complaint and currently is a resident of Shawano County, Wisconsin. *Id*.

5.      Defendant, 1541335 Ontario Inc. d/b/a Road Link Xpress is a foreign corporation organized under the laws of Ontario, Canada, with principal offices located at 1540 Britannia Road East, Mississauga, ON L4W 1J2, Canada. (*See* Compl. ¶ 3). For the purpose of determining diversity, 1541335 Ontario Inc. d/b/a Road Link Xpress is a citizen of Ontario. This was true at the time the Complaint was filed and at the time of removal. Defendant, Harpal Singh Mann, is a resident of Ontario, Canada and, hence, a citizen of Ontario, Canada, for the purpose of

2

determining diversity. (*See* Compl. ¶ 4). Defendant, Harpal Singh Mann was at the time of filing the Complaint and currently is a resident of Ontario, Canada. *Id*. Defendant, Northbridge General Insurance Corporation, is a foreign corporation organized under the laws of Ontario, Canada, with principal offices located at 105 Adelaide Street West, Toronto, ON M5H 1P9, Canada. (See Compl. ¶ 2). For the purpose of determining diversity, Northbridge General Insurance Corporation is a citizen of Ontario, Canada. This was true at the time the Complaint was filed and at the time of removal.

6. As to Safeco Insurance Company of Illinois and Common Ground Healthcare Cooperative, the Complaint alleges that they may have paid benefits to the Plaintiff and may have a subrogated interest in the lawsuit and are therefore proper parties. (*See* Compl. ¶¶ 5 - 6).

7. The Complaint does not seek recovery from Safeco Insurance Company of Illinois and Common Ground Healthcare Cooperative, but rather joins them to pursue any claims they may have against Defendants, 1541335 Ontario Inc. d/b/a Road Link Xpress, Harpal Singh Mann and Northbridge General Insurance Corporation. Therefore, Safeco Insurance Company of Illinois and Common Ground Healthcare Cooperative are adverse to Defendants, 1541335 Ontario Inc. d/b/a Road Link Xpress, Harpal Singh Mann and Northbridge General Insurance Corporation, and are properly considered, and should be realigned as involuntary plaintiffs for purposes of diversity jurisdiction.

8. Defendants, Safeco Insurance Company of Illinois and Common Ground Healthcare Cooperative are properly denominated and joined in this litigation as involuntary plaintiffs, not defendants, and should be realigned as involuntary plaintiffs. When determining whether federal jurisdiction exists, courts are instructed to look beyond the pleadings and to arrange the parties according to their true sides of the dispute. *City of Indianapolis v. Chase*

3

*National Bank*, 314 U.S. 63, 69 (1941). "The propriety of alignment is a matter not to be determined by mechanical rules, but by pragmatic review of the principal purpose of the action and the controlling matter in dispute." *American Motorists Ins. Co.*, 657 F.2d at 149; *see, also, Harvey v. Marriott Corp.*, 680 F.Supp. 1289, 1290 (E.D. Wis. 1988) (finding that the citizenship of the Plaintiff's insurer that was named as a defendant to protect its subrogated interest in plaintiff's action did not defeat diversity jurisdiction).

9. The Complaint alleges that Safeco Insurance Company of Illinois has a principal office located in Illinois and Common Ground Healthcare Cooperative has a principal office located in Wisconsin. (*See* Compl. ¶¶ 5 - 6).

10. When Defendants Safeco Insurance Company of Illinois and Common Ground Healthcare Cooperative are properly realigned as involuntary plaintiffs, they do not defeat diverse citizenship as none of them are citizens of Canada. *See, e.g., Carson v. Hyatt*, 118 U.S. 279, 6 S.Ct. 1050, 30 L.Ed. 167 (1886); *First Nat. Bank of Chicago v. Mottola*, 302 F.Supp. 785 (N.D.Ill. 1969), *affirmed* 465 F.2d 343.

11. Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of ABC and DEF insurance company, sued under a fictitious name, is disregarded in determining whether the civil action is removeable based on diversity jurisdiction.

12. Hence, complete diversity among the parties to this action exists under 28 U.S.C. § 1332(a)(1), and existed at the time the Complaint was filed and at the time of removal.

**B.** **The Amount in Controversy Exceeds the Jurisdictional Requirement.**

13. The party asserting federal jurisdiction has the burden of showing that the amount in controversy requirement is met. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). Where the complaint does not state a specific amount (as is the case here), the removing

4

party bears the burden of proving, by a preponderance of the evidence, that the amount in controversy in fact exceeds $ 75,000. *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). The burden can be met if, on the face of the complaint, it is apparent that the claims are likely above that amount. *McNeilus Truck and Mfg., Inc. v. Hunt*, Civ. No. 01-1099, 2001 U.S. Dist. LEXIS 17016, 2001 WL 837940, at *2 (D. Minn. July 23, 2001).

14.     The amount-in-controversy requirement for diversity jurisdiction is satisfied in the instant matter because it is more probable than not that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

15.     In this case, Plaintiff has alleged that she has suffered serious personal injuries resulting in pain, suffering and disability; she has incurred past medical expenses and wage loss and will incur medical expenses and loss of earnings in the future. (Compl. at ¶ 13).

16.     Based upon the facts as alleged in Plaintiff's Complaint and other filings, a good-faith estimate of the stakes establishes that the amount in controversy as to Plaintiff's alleged damages exceeds the $75,000 jurisdictional threshold.

17.     Consequently, the amount in controversy as to each Plaintiff satisfies the requirements of 28 U.S.C. § 1332(a).

18.     The removed action was pending in Winnebago County. Venue is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the District Court for the district and division embracing the place where the state-action is pending.

WHEREFORE, Defendants 1541335 Ontario Inc. d/b/a Road Link Xpress, Harpal Singh Mann and Northbridge General Insurance Corporation hereby remove the above-captioned action to the United States District Court for the Eastern District of Wisconsin, from the Circuit Court for Winnebago County, Wisconsin.

5

Dated this 15th day of April, 2026.

WILSON ELSER MOSKOWITZ EDELMAN
& DICKER LLP
Attorneys for Defendants, 1541335 Ontario Inc.
d/b/a Road Link Xpress, Harpal Singh Mann and
Northbridge General Insurance Corporation

P.O. ADDRESS
555 East Wells Street, Ste. 1730
Milwaukee, WI 53202
414.276.8816 (Main)

*Electronically signed by:   Lucas T. Tabor*
Marcella S. Spoto (SBN: 1038044)
Lucas T. Tabor (SBN: 1107915)

6